Lynn S. Walsh, OSB #924955
email: lynn@lynnwalshlaw.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DENIS KRIVOSHEENKO,<br><br>    Plaintiff,<br><br>v.<br><br>LELAND BEAMER, MD; WARREN ROBERTS, MD; JOSHUA YBARRA; and STATE OF OREGON;<br><br>    Defendants. | NO.   3:24-cv-1179<br><br>COMPLAINT<br>Civil Rights Action (42 U.S.C. § 1983; negligence)<br><br>DEMAND FOR JURY TRIAL |

    This lawsuit concerns the Oregon Department of Corrections consistent practice of wrongfully delaying or denying necessary medical care, including surgeries and physical therapy, to the adults in custody who have no power or ability to obtain medical care on their own.  This practice of slow-playing requests for medical care causes adults in custody to experience unnecessary pain and suffering while waiting for care.  In Plaintiff's case, he had to file a state habeas corpus case in order to request a court order for surgery and subsequent physical therapy.  Only after filing the state action did Plaintiff receive surgery.  He had to obtain

Page 1    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

a state court order to obtain appropriate physical therapy.   In short, people in prison should not have to obtain court orders to force prison medical providers to provide care.

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§1983 and 12101 et seq., 29 USC §794, and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).  Pendent jurisdiction is asserted for separate state law claims under 28 U.S.C. § 1367.

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district.  28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Denis Krivosheenko is an adult in custody of the Oregon Department of Corrections (ODOC).  During all relevant times, Mr. Krivosheenko was incarcerated at Deer Ridge Correctional Institution (DRCI) in Jefferson County, Oregon.

4. Defendant Leland Beamer, MD is a medical doctor and Chief Medical Officer at DRCI and an employee of ODOC.  He is sued in his individual capacity.  At all times relevant, he was acting under color of state law.  At all relevant times he was plaintiff's primary care practitioner.

5. Defendant Warren Roberts, MD, is a medical doctor and the Medical Director of the entire ODOC system.  He is an employee of ODOC.  He is sued in his individual capacity.  At all relevant times, he was acting under color of state law.

6. Joshua Ybarra is the grievance coordinator at DRCI and an employee of ODOC.  He is sued in his individual capacity.  At all relevant times, he was acting under color of state law.

Page 2     COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

7.      The State of Oregon is obligated to provide community standard medical care to its patients lodged in the Oregon Department of Corrections (ODOC), an agency of the State of Oregon.

## FACTUAL ALLEGATIONS

8.      Plaintiff is 34 years old and is a resident of DRCI, a prison in the ODOC system.

9.      Sometime in late 2017 plaintiff was diagnosed with Kienbock's disease. Kienböck's disease is a condition where the blood supply to one of the small bones in the wrist, the lunate, is interrupted. The lunate is a carpal bone. Bone is living tissue that requires a regular supply of blood for nourishment. It was recommended that he immobilize the wrist and that he may need surgery in the future.

10.     Plaintiff entered the ODOC institutions a few months later on February 7, 2018. After intake, he was transferred to Two Rivers Correctional Institution (TRCI).

11.     Plaintiff reported wrist problems to ODOC Dr. Patton on or about January 18, 2019. He reported that his wrist does not bend correctly, and that he cannot lay his hand flat. He had a limited range of motion with his right wrist, and he was unable to grip as hard with his right side without pain.

12.     Plaintiff did not receive an x-ray of his wrist until February 5, 2019. The x-ray revealed that he had a comminuted fracture of his carpal lunate bone.

13.     Even though it was apparent that plaintiff was suffering from a broken bone in the wrist of his dominant hand, Dr. Patton did not send plaintiff to outside orthopedic surgeon until March 5, 2019. The surgeon recommended lunate excision.

14.     For the next year, plaintiff received no meaningful follow-up or treatment for his wrist,

Page 3      COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

despite repeated requests.

15. In March of 2020, a nurse told him no treatment is being scheduled until the Covid-19 outbreak has abated.

16. ODOC was forced to vaccinate its residents by an order by a federal court judge. By March 11, 2021, 69% ODOC adults in custody had been vaccinated with at least one dose of the Covid-19 vaccine. After the vaccination of the vast majority of the adults in custody, and arguably before vaccination, medical procedures should have continued or resumed.

17. In May of 2021, plaintiff was transferred to DRCI.

18. On June 23, 2021, plaintiff sent a health care request to the DRCI medical department complaining about the worsening pain in his right wrist. He was not seen until July 28, 2021, by Dr. Beamer. Dr. Beamer took the "monitoring" approach.

19. Despite repeated kytes from plaintiff to Dr. Beamer requesting to see an orthopedic surgeon, Plaintiff was essentially ignored, or told he could not see a surgeon due to Covid.

20. Finally, the TLC committee approved a referral to a hand surgeon on or about August 3, 2021. The TLC Committee is where a group of doctors decide whether to provide care, deny care, or delay care. Dr. Roberts, as the state-wide ODOC Medical Director, has the ultimate decision-making authority to provide or deny care.

21. Oddly, for all but one TLC Committee decision referenced in this Complaint, Dr. Roberts's signature or stamp does not appear, and there are no other attendees listed. Only Dr. Beamer's signature is on the TLC forms. It is presumed that Dr. Roberts attended the TLC Committees, because his job requires him to, and that he took part in all decisions of the TLC Committees.

Page 4    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

22. Dr. Beamer eventually ordered an x-ray of the wrist, which showed the same fracture plus now osteoarthritis.

23. Even though plaintiff was approved for a referral to an outside hand surgeon on or about August 3, 2021, and despite the continuing deterioration of plaintiff's wrist, Dr. Beamer did not send plaintiff to see an outside orthopedic surgeon (Dr. Smith) until more than three months later, on November 9, 2021. Dr. Smith recommended surgical intervention, but wanted to do a CT scan first for operative planning.

24. Plaintiff received the CT scan on November 22, 2021.

25. In early December 2021, plaintiff injured his right elbow climbing down from his right bunk. As typical with ODOC, they made a person with a broken wrist sleep on the top bunk which necessitated climbing up and down from the top bunk. Dr. Beamer stated that it was a torn tendon and would require surgical repair.

26. On December 15, 2021, plaintiff sent a kyte requesting that Dr. Beamer inform the hand surgeon regarding the torn tendon in the elbow to see if they could be fixed at the same time. The response stated that these were two separate issues, and that his elbow would be evaluated at a later date.

27. On December 16, 2021, plaintiff filed a grievance requesting his hand surgery as recommended by hand surgeon Dr. Smith. The grievance was wrongfully rejected on December 29, 2021 by grievance coordinator Joshua Ybarra. Although plaintiff made numerous attempts to contact Mr. Ybarra to correct the grievance, he was ignored by Mr. Ybarra.

28. Plaintiff was scheduled to see Dr. Smith on December 28, 2021. Unfortunately, ODOC medical department cancelled the "in person" appointment and made plaintiff speak with Dr.

Page 5        COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

Smith over the phone. Dr. Smith stated that surgery was the next step.

29. Dr. Smith insisted on seeing plaintiff in person before proceeding with any surgery because of the complexity of the surgery.

30. On January 26, 2022, plaintiff filed another grievance against Dr. Beamer for failure to treat his right wrist and failure to treat his pain. Again, this grievance was wrongfully rejected by grievance coordinator Joshua Ybarra.

31. Plaintiff did not receive an MRI of his right elbow until February 7, 2022, which did indeed show that he suffered from a tendon tear in his right elbow.

32. ODOC medical department refused to send plaintiff to see Dr. Smith personally thus necessitating plaintiff to file a Petition for Writ of Habeas Corpus in the Circuit Court of Oregon, Jefferson County, Case no. 22CV05913. The case was filed on or about February 17, 2022.

33. On March 9, 2022, plaintiff met with Dr. Beamer who asked him how his surgery went. Plaintiff never received any surgery, thus confusing Dr. Beamer.

34. Plaintiff filed another grievance on March 18, 2022 regarding the lack of surgery on his wrist and elbow. The responses by Dr. Roberts and the Health Services Administrator Joe Bugher state that the TLC committee did not even approve the surgery until March 15, 2022. Plaintiff did not receive the final response to the second level grievance appeal until September 12, 2022.

35. Plaintiff did not see Dr. Smith in person until April 11, 2022. Dr. Smith recommended a proximal row carpectomy with dermal allograft and denervation to which plaintiff agreed.

36. Plaintiff did not receive his surgery until July 21, 2022, more than three years after an x-ray revealed that he had a comminuted fracture of the carpal lunate. At this time the Petition for

Page 6        COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

Writ of Habeas Corpus was still pending.

37.     During the entire time that plaintiff was at DRCI waiting for surgery, he suffered extreme pain that was not treated appropriately by Dr. Beamer.

38.     Shortly after his surgery on July 21, 2022, plaintiff made a request to have someone assist him with writing documents ("kytes, grievances, notice of tort claim, letters to attorney/court") since surgery was done on his right hand which is his dominant hand.  The request was denied by Dr. Beamer.  Plaintiff was notified on August 1, 2022.

39.     Dr. Beamer also failed to follow the post-op orders that were intended to treat pain, thus increasing plaintiff's pain level.

40.      Also on August 1, 2022, plaintiff had his first postoperative appointment with Dr. Smith.  Dr. Smith specifically stated that "Patient will need assistance with writing."

41.      The request for a scribe was then taken to the TLC committee (including both Beamer and Roberts), and contrary to Dr. Smith's orders, and appearing very petty, the request for scribe was denied.  In this case, a scribe would simply be another AIC to help with writing documents.  The Oregon Administrative Rules restrict assistance with help writing grievances.   Plaintiff was notified of the TLC's decision on August 8, 2022.

42.     Plaintiff attempted to grieve the scribe denial, yet his grievance was wrongfully rejected by defendant Ybarra on August 24, 2022, because the grievance (excluding the signature) was not in plaintiff's own handwriting due to being unable write and in conformity with Dr. Smith's orders.  Ybarra further stated "If you choose to rewrite and submit, the complaint will need to be in your own handwriting."

43.     On September 13, 2022, plaintiff had a 6-week post-operative appointment with Dr.

Page 7         COMPLAINT                                                    LYNN S. WALSH
                                                                                          OSB# 924955
                                                                                  610 SW Alder St., #415
                                                                                    Portland, OR 97205
                                                                                        503-790-2772
                                                                                lynn@lynnwalshlaw.com

Smith.  Dr. Smith recommended two months of hand therapy.

44.     On September 20, 2022, the TLC approved plaintiff for only four visits "in house" with a physical therapist, which was contrary to Dr. Smith's orders.

45.     On November 1, 2022, plaintiff had a follow-up appointment with Dr. Smith.  Again, Dr. Smith recommended more focused hand therapy 1-2 times per week for an additional two months.   Plaintiff was experiencing discomfort in his wrist and expressed his unhappiness with his inability to obtain physical therapy in prison.

46.     On November 8, 2022, the request for additional physical therapy was sent to the TLC Committee.  Although Dr. Beamer requested and approved physical therapy two times per week for four weeks, and then one time a week for four weeks, he apparently changed his mind and rewrote the form so that plaintiff would get physical therapy only one time per week for only four weeks.  Additionally, he ordered the office specialist to make sure that "the revised form is the only one in the chart."   This was a deviation from Dr. Smith's recommendations.

47.     On January 3, 2023, TLC Committee, denied additional outside PT appointments and approved two "in-house" PT appointments.   No Explanation was given.

48.      Plaintiff continued to experience problems, and on February 1, 2023, Dr. Smith recommended an MRI.  That MRI was not obtained until February 24, 2023.

49.      On April 27, 2023, Dr. Smith recommended surgery for both plaintiff's wrist and elbow.

50.     On May 13, 2023, the TLC Committee approved Dr. Smith's recommendations for wrist and elbow surgery.  This TLC Committee did not include Dr. Beamer, yet included numerous doctors and nurse practitioners in the ODOC system, including Dr. Roberts.  It is not clear as to why the previous TLC committee decisions did not include these practitioners.

Page 8          COMPLAINT                                        LYNN S. WALSH
                                                                                OSB# 924955
                                                                           610 SW Alder St., #415
                                                                             Portland, OR 97205
                                                                                503-790-2772
                                                                          lynn@lynnwalshlaw.com

51. On July 27, 2023, Dr. Smith performed surgery on Plaintiff's wrist and elbow.

52. On October 17, 2023, Dr. Smith recommended physical or occupational therapy two times a week for 6-8 weeks.

53. On October 23, 2023, the TLC approved 6 sessions of in-house physical therapy. No explanation was given for not following Dr. Smith's recommendation.

54. Plaintiff's state habeas corpus case finally proceeded to trial. A judgment was entered on December 15, 2023, where the judge found that plaintiff had a serious medical need, and that Defendant's decision to offer physical therapy that was contrary to Dr. Smith's recommendation was not medically acceptable and demonstrated deliberate indifference.

55. Defendants failed to follow the Court's order to follow Dr. Smith's recommendations regarding physical therapy and had to file a motion to enforce the judgment on January 19, 2024.

## FIRST CLAIM FOR RELIEF

**(Civil Rights 42 USC § 1983 against Defendants Beamer and Roberts)**

56. Plaintiff realleges paragraphs 1-55.

57. Defendants Beamer and Roberts were deliberately indifferent to Mr. Spieler's serious medical needs in the following manner:

    a. In failing to provide timely and appropriate treatment for the wrist fracture and elbow;

    b. In failing to provide appropriate pain management.

    c. In causing unnecessary and unreasonable delay of plaintiff's first surgery on his wrist;

    d. In causing unnecessary and unreasonable delay of plaintiff's second surgery on

Page 9    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

his wrist and elbow;

e. In failing to provide appropriate physical therapy after the first surgery;

f. In denying plaintiff a scribe after the first surgery, contrary to Dr. Smith's orders;

g. In changing the medical records so that previously approved orders for physical therapy were removed, thus preventing plaintiff from receiving appropriate physical therapy for his wrist; and

h. In not following Dr. Smith's Orders in the provision of physical therapy; and

i. In failing to follow the Court's Order regarding the provision of physical therapy after the Court found the ODOC medical providers to be deliberately indifferent to a serious medical need.

58. As a result of the practitioners' deliberate indifference, they violated plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

59. As a result of the practitioners' violation of plaintiff's constitutional rights, plaintiff suffered unnecessary pain and inability to perform certain activities of daily living and writing.

60. Accordingly, plaintiff is entitled to economic, non-economic and punitive damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983, and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF

**(Civil Rights 42 USC § 1983 (First Amendment – Retaliation) against Defendant Ybarra)**

61. Plaintiff realleges paragraphs 1-55.

Page 10    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

62.     Defendant Ybarra engaged in retaliation prohibited by the First Amendment of the United States Constitution by obstructing the grievance process so that plaintiff could not preserve his 42 USC 1983 claims against Beamer and Roberts.

63.     As a result of Ybarra's violations of plaintiff's First Amendment Rights, plaintiff lives in fear of further retaliation, and has suffered actual retaliation.

64.     Accordingly, plaintiff is entitled to compensatory and punitive damages against Ybarra in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

### (Negligence against the State of Oregon)

65.     Plaintiff realleges paragraphs 1-55.

66.     Plaintiff provided numerous and timely tort claim notices on or about February 15, 2022; March 9, 2022; May 17, 2022; August 29, 2022; January 30, 2023; March 9, 2023; June 20, 2023; December 14, 2023; and March 20, 2024 which alleges the numerous continuing torts related to plaintiff's delayed treatment and lack of appropriate physical therapy for his wrist and elbow.

67.     Defendant State of Oregon's employees and agents were negligent in one or more of the following particulars:

   a.     In failing to provide timely and appropriate treatment for the wrist fracture and elbow;

   b.     In failing to provide appropriate pain management.

   c.     In causing unnecessary and unreasonable delay of plaintiff's first surgery on his

Page 11        COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

wrist;

d. In causing unnecessary and unreasonable delay of plaintiff's second surgery on his wrist and elbow;

e. In failing to provide appropriate physical therapy after the first surgery;

f. In denying plaintiff a scribe after the first surgery, contrary to Dr. Smith's orders;

g. In changing the medical records so that previously approved orders for physical therapy were removed, thus preventing plaintiff from receiving appropriate physical therapy for his wrist; and

h. In not following Dr. Smith's Orders in the provision of physical therapy; and

i. In failing to follow the Court's Order regarding the provision of physical therapy after the Court found the ODOC medical providers to be deliberately indifferent to a serious medical need.

68. The State of Oregon's agents and employees violated their duty to use that degree of care, skill and diligence that is used by ordinarily careful medical providers in the same or similar circumstances in the community or similar community.

69. As a direct and proximate result of the State of Oregon's employees and agents' acts or omissions, plaintiff has suffered noneconomic damages in an amount to be determined at trial.

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of plaintiff against defendants for his economic and non-economic damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988; and

c. For such other and further relief as may appear just and appropriate.

Page 12     COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

DATED:   July 19, 2024.

    /s/ Lynn S. Walsh
Lynn S. Walsh, OSB #924955
(503)790-2772
Attorney for plaintiff

Page 13        COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com